# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONNIE CHI WAN,

    Plaintiff,

v.

JP MORTGAGE, LLC, *et al.*,

    Defendants.

Case No. 2:13-cv-01569-LDG (GWF)

**ORDER**

    On August 29, 2013, the plaintiff, Ronnie Chi Wan, filed a complaint (#1) naming JPMorgan Chase Bank and Mortgage Electronic Registration System, Inc. as defendants. On September 10, 2013, Wan filed documents purporting to show proofs of service of the summons on the two defendants (## 5, 6).  The documents do not prove service, as they identify Wan as the server (and fail to establish that the complaint and summons were served).

    On May 30, 2014, Wan filed an Amended Complaint without leave of this Court. The Amended Complaint named JP Mortgage, LLC, Fannie Mae Remic Trust 2004-20, and MERS Servicing, LLC., as defendants.

    On July 10, 2014, JPMorgan Chase Bank, N.A., (indicating it was incorrectly identified as JP Mortgage LLC) filed a Motion to Quash Service of Process and to Dismiss

Pursuant to Fed. R. Civ. Proc. 4(m), (#10) or Alternatively, a Motion to Dismiss the Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ Proc. 12(b)(6) (#12).  Wan filed a response on July 22, 2014, but failed to address any of the arguments asserted in the defendant's motion to quash and dismiss pursuant to Rule 4(m).

On September 23, 2014, the defendant filed a proof of service of the <u>original</u> complaint on the original defendants.  The proof of service is dated August 30, 2013, indicates the summons and complaint were served by mail, but provides addresses different than that of the defective proof of service signed by Wan, and different than the addresses provided by Wan in obtaining the summons for each of the defendants.

On September 30, 2014, the Clerk of the Court issued a notice of intent to dismiss Fannie Mae Remic Trust 2004-20, and MERS Servicing, LLC, pursuant to Rule 4(m).  The notice indicates a failure to file proof of service of the Amended Complaint.

The defendant's motion to dismiss for failure to state a claim asserts specific arguments as to why each of the four claims of the Amended Complaint fail to state a claim as a matter of law.  Wan's response is limited to arguing that he has obtained a "forensic audit," which he attached to his opposition, and therefore should be permitted to proceed. The argument neither establishes that the Amended Complaint is not deficient as to any of the four claims, nor explains how the deficiencies of the complaint could be cured.

It appears that this entire matter could be dismissed for failure to timely serve pursuant to Rule 4(m).  However, the defendants have also shown that the Amended Complaint fails to state a claim, which argument the plaintiff has not rebutted.  Accordingly,

THE COURT **ORDERS** that Defendant's Motion to Dismiss for Failure to State a Claim (#12) is GRANTED.  This action is DISMISSED as to JPMorgan Chase Bank, N.A. (incorrectly identified in the Amended Complaint as JP Mortgage, LLC).

THE COURT FURTHER **ORDERS** that Defendant's Motion to Quash and Dismiss Pursuant to Fed. R. Civ. Pro. 4(m) for Failure to Timely Serve (#10) is DENIED as moot.

THE COURT FURTHER **ORDERS** that this action is DISMISSED as to Fannie Mae Remic Trust 2004-20 and MERS Servicing, LLC, pursuant to Fed. R. Civ. Pro. 4(m).

DATED this ____ day of December, 2014.

_____
Lloyd D. George
United States District Judge

3